THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
JULIAN ARCHULETA
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN ARCHULETA, an individual; and ) DISABILITY RIGHTS ENFORCEMENT, ) EDUCATION, SERVICES:HELPING ) YOU HELP OTHERS, a California public ) benefit corporation, )<br><br>         Plaintiffs, )<br><br>v. )<br><br>JACK'S CLUB; DOLORES L. ) PERRAPATO, an individual dba JACK'S ) CLUB; and IRMA ENCINAS, an ) individual dba JACK'S CLUB, )<br><br>         Defendants. )<br>_____ )<br>_ | **CASE NO. C04-5318 EMC**<br>**Civil Rights**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3ʳᵈ CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br>**4ᵗʰ CAUSE OF ACTION:** For Unfair Business Practices in Violation of California Business and Professions Code §17200, *et seq.*<br><br>**DEMAND FOR JURY** |

///

///

///

1   Plaintiffs JULIAN ARCHULETA, an individual; and DISABILITY RIGHTS
2   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
3   California public benefit corporation (hereinafter sometimes referred to as "DREES"),
4   complain of defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB;
5   and IRMA ENCINAS, an individual dba JACK'S CLUB, and allege as follows:
6   **INTRODUCTION:**

7   1.   This is a civil rights action for discrimination against persons
8   with physical disabilities, of which class plaintiff JULIAN ARCHULETA and the
9   membership of DREES are members, for failure to eliminate discriminatory
10   policies and procedures in nature at defendants' JACK'S CLUB, a place of
11   public accommodation, thereby discriminatorily denying plaintiffs and the
12   class of other similarly situated persons with physical disabilities access to,
13   the full and equal enjoyment of, opportunity to participate in, and benefit
14   from, the goods, facilities, services, and accommodations thereof.  Plaintiffs
15   seek injunctive relief and damages pursuant to the Americans with
16   Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code
17   §§51, 51.5 and 54, *et seq.*; California Health & Safety Code §19955, *et seq.* and
18   California Business and Professions Code §17200, *et seq.*

19   2.   Plaintiff JULIAN ARCHULETA is a person with physical disabilities
20   who, on or about December 21, 2003 and March 30, 2004, was an invitee,
21   guest, patron, customer at defendants' JACK'S CLUB in the City of San
22   Francisco, California.  At said time and place, defendants failed to provide
23   proper legal access to JACK'S CLUB, which is a "public accommodation"
24   and/or a "public facility".  The denial of access was in violation of both
25   federal and California legal requirements, and plaintiff JULIAN ARCHULETA
26   suffered violation of his civil rights to full and equal access, and was
27   embarrassed and humiliated.
28   *///*

1   ///

2   ///

3   ///

4   ///

5   **JURISDICTION AND VENUE:**

6        3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to

7   28 U.S.C. §1331 for violations of the Americans with Disabilities Act of

8   1990, 42 U.S.C. §12101, *et seq.*  Pursuant to pendant jurisdiction, attendant

9   and related causes of action, arising from the same nucleus of operative facts

10   and arising out of the same transactions, are also brought under parallel

11   California law, whose goals are closely tied with the ADA, including but not

12   limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*

13        4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C.

14   §1391(b) and is founded on the facts that the real property which is the

15   subject of this action is located in this district at/near 2545 24th Street, in the

16   City of San Francisco, County of San Francisco, State of California, and that

17   plaintiffs' causes of action arose in this district.

18   **PARTIES:**

19        5.    Plaintiff JULIAN ARCHULETA is a "physically handicapped

20   person", a "physically disabled person", and a "person with physical

21   disabilities" (hereinafter the terms "physically disabled", "physically

22   handicapped" and "person with physical disabilities" are used

23   interchangeably, as these words have similar or identical common usage and

24   legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety

25   Code uses the term "physically handicapped persons" and the Unruh Civil

26   Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to

27   protection of the rights of "physically disabled persons").  Plaintiff JULIAN

28   ARCHULETA is a "person with physical disabilities", as defined by all

applicable California and United States laws.  Plaintiff suffered a close head
injury which has resulted in significant neuro-musculature limitations.  The
extent of such limitations includes but is not limited to use of upper and lower
extremities to the degree that he needs a wheelchair for mobility.  A further
limitation is plaintiff JULIAN ARCHULETA's inability to speak.  Plaintiff
JULIAN ARCHULETA communicates by the written word and use of a
lightwriter.  He has no trouble eating or drinking.  Plaintiff JULIAN
ARCHULETA is able to express his needs and desires and to act on his own
best interest.  Plaintiff JULIAN ARCHULETA requires the use of a wheelchair to
travel about in public and a lightwriter to communicate.  Consequently,
plaintiff JULIAN ARCHULETA is a member of that portion of the public whose
rights are protected by the provisions of Health & Safety Code §19955, *et seq.*
(entitled "Access to Public Accommodations by Physically Handicapped
Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51,
51.5 and 54, *et seq.* and California Business and Professions Code §17200, *et
seq.*

6.   Plaintiff DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is
a nonprofit (501(c)(3)) organization that works with persons with disabilities
to empower them to be independent in American society.  DREES
accomplishes its goals and purposes through education on disability issues,
enforcement of the rights of persons with disabilities, and the provision of
services to persons with disabilities, the general public, public agencies and
the private business sector.

7.   Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB;
and IRMA ENCINAS, an individual dba JACK'S CLUB (hereinafter alternatively
collectively referred to as "defendants") are the owners and operators, lessors
and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter

egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by JACK'S CLUB, a public accommodation located at/near 2545 24th Street, San Francisco, California, and subject to the requirements of California state law requiring full and equal access to public facilities pursuant to §19955 of the Health & Safety Code, and §§51, 51.5, 52(a), 54.1 and 54.3 of the Civil Code, and subject to Title III of the Americans with Disabilities Act of 1990, and to all other legal requirements referred to in this complaint.

8.      At all times relevant to this complaint, defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, are the lessees, or agents of the lessees, and/or lessors, of said premises, and/or alter egos of the lessees, lessors and their agents, and own and operate in joint enterprise the subject JACK'S CLUB as a public facility at/near 2545 24th Street, San Francisco, California.  This business is open to the general public and conducts business therein.  The business operating on said premises is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §54, *et seq.*  Plaintiffs do not know the relative responsibilities of each of the defendants in the operation of the facilities herein complained of, and allege a joint venture and common enterprise by all such defendants.

9.      At all times relevant to this complaint, defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB are the landlords/lessors, tenants/lessees and the owners and operators of the subject JACK'S CLUB, a public facility located at/near 2545 24th Street, San Francisco, California.  As such, these defendants are jointly and severally responsible to eliminate discriminatory practices, policies and procedures pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201       General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

10.   Plaintiffs do not know the true names of defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, their business capacities, their ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.  Plaintiffs are informed and believe that each of the defendants herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, alter ego, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.  Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, are ascertained.

11.     Plaintiffs are informed and believe that all named defendants conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

**PRELIMINARY FACTUAL ALLEGATIONS:**

12.     Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, are the private persons and/or entities that are public accommodations that own, lease (or lease to), or operate JACK'S CLUB, located at/near 2545 24th Street, San Francisco, California.  JACK'S CLUB, its bar, dining area, restrooms and its other facilities are each a "place of public accommodation or facility" subject to the requirements of the Americans with Disabilities Act and California Health & Safety Code §19955, *et seq.*

13.     Plaintiff JULIAN ARCHULETA is a person with a disability. Plaintiff JULIAN ARCHULETA is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff JULIAN ARCHULETA suffered a close head injury which has resulted in significant neuro-musculature limitations.  The extent of such limitations includes but is not limited to use of upper and lower extremities to the degree that he needs a wheelchair for mobility.  A further limitation is plaintiff JULIAN ARCHULETA's inability to speak.  Plaintiff JULIAN ARCHULETA communicates by the written word and use of a lightwriter.  He has no trouble eating or drinking.  Plaintiff JULIAN ARCHULETA is able to express his needs and desires and to act on his own best interest.  Plaintiff JULIAN ARCHULETA requires the use of a wheelchair to travel about in public and a lightwriter to communicate.

14.     Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501)(c)(3) organization, the purposes of which are promoting,

providing and advocating disability rights, education, independent living, enforcement and services which help provide assistance to persons with disabilities and persons and entities who in turn will help others who have disabilities.

15.   That members of DREES, like plaintiff JULIAN ARCHULETA, will or have been guests and invitees at the subject JACK'S CLUB, and that the interests of plaintiff DREES in eliminating discriminatory policies, procedures and practices which act as barriers at the subject JACK'S CLUB advance the purposes of DREES to assure that all public accommodations, including the subject club, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

16.   At all times stated herein, plaintiff JULIAN ARCHULETA was a member of DREES.

17.   At all times referred to herein and prior to December 21, 2003 and continuing to the present time, defendants, and each of them, advertised, publicized and held out JACK'S CLUB as being handicapped accessible and handicapped usable.

18.   On multiple occasions before December 21, 2003, plaintiff JULIAN ARCHULETA and his coach and therapist Maria Olguin had been invitees and guests at JACK'S CLUB.

///

///

///

///

19.   On or about December 21, 2003 and March 30, 2004, plaintiff JULIAN ARCHULETA and Maria Olguin once again entered JACK'S CLUB for plaintiff JULIAN

ARCHULETA's pina colada.  This time was different.  Upon entering, a woman holding herself out to be the owner told plaintiff JULIAN ARCHULETA and Maria Olguin that Mr. Archuleta must leave because she, the owner, deemed him a liability.  To wit: she said, in substance, "He could be hit by a car; he could hit and hurt someone by use of his wheelchair; he could be adversely affected if he combined alcohol and his medication".

20.     At said time and place, Ms. Olguin replied that Mr. ARCHULETA frequented the bar with her and that Mr. ARCHULETA was not under medication.

21.     At said time and place, defendant owner demanded medical documentation and then stated, in substance, loud enough for everyone to hear in the bar:  "I am not serving these people and this woman is not a medical physician and I do not want these types of people in my bar".

22.     At said time and place, plaintiff JULIAN ARCHULETA and Ms. Olguin, both humiliated and embarrassed, left JACK'S CLUB.

23.     Thereafter, plaintiff JULIAN ARCHULETA and Ms. Olguin contacted Edward Ilumin, Fair Housing/Public Accommodations Compliance Officer for the Human Rights Commission of the City and County of San Francisco, about the incident.

24.     On or about March 18, 2004, Mr. Ilumin filed a letter complaint to defendant owners and operators of "JACK'S" relative to the incident.

25.     After having no response by March 30, 2004, but with a response due by April 5, 2004, Mr. Ilumin decided to conduct his own investigation.

///

///

///

///

///

///

26.     As per Mr. Ilumin's arrangements with plaintiff JULIAN ARCHULETA and Maria Olguin, Mr. Ilumin would be at JACK'S BAR on Utah and 24th Street Tuesday March 30, 2004 at 3:45 p.m.  They would arrive at 4 pm sharp.  Mr. Ilumin arrived at 3:50 pm (by the clock near the entry). There were three other people at the bar - two males (one elderly, the other middle aged) and a female about middle aged with blonde hair and wearing glasses.  Mr. Ilumin took a seat at the bar and ordered, and was served a Corona beer.  The female at the bar left and went to a back room.

27.     At said time and place, a few minutes after 4pm, plaintiff JULIAN ARCHULETA and Maria Olguin arrived.  The doors are double doors and Ms. Olguin had difficulty opening the door so that JULIAN ARCHULETA could get his wheelchair through. A patron of the bar came and assisted them through.  Mr. Ilumin watched as plaintiff JULIAN ARCHULETA and Ms. Olguin approached the bar and she ordered a pina colada for plaintiff JULIAN ARCHULETA.  The bartender, an elderly man, said he was under instructions not to serve plaintiff JULIAN ARCHULETA.  Ms. Olguin began to protest that this was illegal and violated plaintiff JULIAN ARCHULETA's rights under the Americans with Disabilities Act. At this time, the middle aged blonde haired woman with glasses reappeared from the back room and, hearing the discussion between Ms. Olguin and the bartender, intervened.  She said "I told you before I am not serving this man".  Ms. Olguin stated "This is the second time that you are refusing to serve Julian because he's in a wheelchair.  You are violating his rights". The blonde haired woman responded "I don't care what kind of rights he has, he's not going to be served.  I want you two out of here now".

28.     At said time and place, Mr. Ilumin intervened and identified himself, presenting his business card.  He mentioned to the woman that there wasn't any reason not to serve the man, to which she responded "He is in a wheelchair and I'm not going to be made liable if I serve him and he injures himself - if not in my bar, then outside it".  Mr. Ilumin asked her if there were any other reasons why she would not serve him.  She said "I think they're

1  setting me up.  This guy's in a wheelchair.  I don't know what kind of
2  medication he's on and I'm not going to be made liable if I serve him".  She
3  also said "You (meaning Mr. Ilumin) should be ashamed of yourself, being
4  an educated man, you should know better".  She continued on, "Look at him,
5  he can't even speak for himself.  He (meaning plaintiff JULIAN
6  ARCHULETA) needs her (pointing to Ms. Olguin) to do everything for him.
7  You (meaning Mr. Ilumin) being an educated man, ought to be ashamed of
8  yourself".  Mr. Ilumin advised her that all he was doing was enforcing the
9  city law and recited Art. 33, Sec. 3304 to her.

10      29.    At said time and place, the middle aged blonde woman then threatened to call
11  the police if they all did not leave.  Mr. Ilumin said that she should call the police and to do it
12  immediately.  However, she made no effort to call the police.  Mr. Ilumin told her that he
13  could not force her to serve plaintiff JULIAN ARCHULETA and that they would leave.
14  Before leaving, Mr. Ilumin asked for her name but she refused.  Mr. Ilumin told her that he had
15  mailed her a Complaint notification dated March 22, 2004 to her bar, but it had been returned
16  undeliverable. So Mr. Ilumin handed her the complaint notification in person.  He informed
17  her that he expected a timely response to the notice.  She said Mr. Ilumin would hear from her
18  lawyer.  Mr. Ilumin thanked her and the three of them left.  It was 4:20 pm when they all left.

19      30.    Therefore, at said times and place, plaintiff JULIAN ARCHULETA, a person
20  with a disability, encountered discriminatory policies, procedures and practices which denied
21  plaintiff JULIAN ARCHULETA access to JACK'S CLUB and which constituted barriers and
22  a denial of the proper and legally-required access to a public accommodation to persons with
23  physical disabilities.

24      31.    At all times stated herein, the existence of said discriminatory policies,
25  procedures and practices at defendants' place of public accommodation evidenced "actual
26  notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990
27  either then, now or in the future.

28  ///

1   ///

2   ///

3   ///

4          32.    At all times stated herein, defendants, and each of them, were "negligent per se"

5   in not changing their discriminatory policies, procedures and practices determined by the

6   Department of Justice to be a denial of access.  Therefore as a legal result of defendants breach

7   of duty to change said discriminatory policies, procedures and practices encountered by

8   plaintiff, plaintiff suffered bodily injury and emotional distress.

9          33.    As a legal result of defendants DOLORES L. PERRAPATO, an individual dba

10  JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB's failure to act as a

11  reasonable and prudent public accommodation in changing and removing policies, practices

12  and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs

13  suffered the damages as alleged herein.

14         34.    As a further legal result of the actions and failure to act of defendants, and as a

15  legal result of the failure to provide access to public facilities as set forth herein, plaintiffs

16  were denied their civil rights to full and equal access to public facilities.  Plaintiff JULIAN

17  ARCHULETA suffered a loss of his civil rights and his rights as a person with physical

18  disabilities to full and equal access to public facilities, and further suffered bodily injury

19  (including, but not limited to, fatigue, stress, strain and pain in coping with being thrown out of

20  the bar), physical discomfort, emotional distress, mental distress, mental suffering, mental

21  anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger,

22  chagrin, disappointment and worry, expectedly and naturally associated with a person with

23  physical disabilities being denied access, all to his damages as prayed hereinafter in an amount

24  within the jurisdiction of this court.

25         35.    Defendants', and each of their, failure to eliminate discriminatory policies,

26  practices and procedures complained of herein created, at the time of plaintiff JULIAN

27  ARCHULETA's first visit to said public accommodation on December 21, 2003, and

28  continues to create continuous and repeated exposure to substantially the same general harmful

1  conditions which caused plaintiff JULIAN ARCHULETA fatigue, stress, strain, pain and

2  emotional distress from being thrown out of the bar.

3  ///

4      36.    Plaintiff JULIAN ARCHULETA is "physically handicapped", "physically

5  disabled" or a "person with physical disabilities" who was denied his rights to equal access to

6  a public facility by defendants DOLORES L. PERRAPATO, an individual dba JACK'S

7  CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, because defendants

8  DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an

9  individual dba JACK'S CLUB, maintained discriminatory policies, procedures and practices,

10  and continue to the date of filing this complaint to deny equal access to plaintiffs and other

11  persons with physical disabilities in these and other ways.

12      37.    Plaintiff DREES, whose members and the disability community that DREES

13  serves are "physically handicapped", "physically disabled", or "persons with physical

14  disabilities" and were, are and will be denied their rights to equal access to a public facility by

15  defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA

16  ENCINAS, an individual dba JACK'S CLUB because defendants DOLORES L.

17  PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba

18  JACK'S CLUB, maintained discriminatory policies, procedures and practices, and continue to

19  the date of filing this complaint to deny equal access to plaintiff and other persons with

20  physical disabilities in these and other ways.

21      38.    Plaintiffs, as described hereinbelow, seek injunctive relief to require defendants

22  DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an

23  individual dba JACK'S CLUB to adopt non discriminatory policies, practices and procedures

24  to meet the requirements of both California law and the Americans with Disabilities Act of

25  1990, so long as defendants operate JACK'S CLUB as a public facility.  Plaintiffs seek

26  damages for violation of their civil rights, from December 21, 2003 until such date as

27  defendants allow disabled persons into the bar pursuant to the requirements of California and

28  federal law.  To encourage defendants to change their discriminatory policies, procedures and

practices and to come into compliance with the law, plaintiffs also seek daily damages of not less than $4,000/day, pursuant to §§52(a) and 54.3, California Civil Code, for each day after his visit until such time as the subject bar is made fully accessible to plaintiffs and to other persons with physical disabilities.

39.     On information and belief, defendants have been negligent in their affirmative duty to change their existing discriminatory policies, procedures and practices complained of herein.

40.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to eliminate their discriminatory policies, procedures and practices against persons with disabilities.

41.     On information and belief, defendants have intentionally undertaken to establish discriminatory policies, procedures and practices, and have failed to comply with accessibility requirements under the requirements of ADAAG and state access laws.  The acts and omission of defendants, and each of them, in failing to allow disabled persons such as plaintiff JULIAN ARCHULETA into public facilities at the time of plaintiff's visits and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify exemplary damages pursuant to §3294 of the Civil Code, in amounts sufficient to make a more profound example of defendants, and each of them, to other operators of other bars, lounges, restaurants and other public facilities, and to punish defendants and to carry out the purposes of §3294 of the Civil Code.

42.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that their discriminatory policies, procedures and practices were in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes,

but is not limited to, communications with invitees and guests (such as Edward Ilumin, Fair Housing/Public Accommodations Compliance Officer), sponsors of conferences, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies such as the Human Rights Commission, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants' failure, under state and federal law, to eliminate their discriminatory policies, procedures and practices which denied disabled persons access to JACK'S CLUB is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  The scope and means of the knowledge of each defendant is within each defendant's exclusive control and cannot be ascertained except through discovery.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to defendants' acts, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to JACK'S CLUB.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of their discriminatory acts referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of punitive and exemplary damages per Civil Code §3294.

43.    Punitive Damages -- Defendants, and each of them, at times prior to and including December 21, 2003, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all portions of this public facility.  Despite such knowledge, defendants, and each of them, failed and refused to take

1    steps to comply with the applicable access statutes; and despite knowledge of the resulting

2    problems and denial of civil rights thereby suffered by plaintiffs and other similarly situated

3    persons with disabilities, including the specific notices referred to in paragraphs 26, 27 and 42

4    of this complaint.  Defendants, and each of them, have failed and refused to take action to

5    grant full and equal access to persons with physical disabilities in the respects complained of

6    hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing

7    to respond to, or correct complaints about, denial of handicap access and have refused to

8    comply with their legal obligations to make JACK'S CLUB accessible pursuant to the

9    Americans with Disabilities Act of 1990, Americans with Disabilities Act Accessibility

10   Guidelines (ADAAG) and Title 24.  Such actions and continuing course of conduct by

11   defendants, and each of them, evidence despicable conduct in conscious disregard for the

12   rights or safety of plaintiffs and of other similarly situated persons, justifying an award of

13   exemplary and punitive damages pursuant to §3294, Civil Code.

14        44.    Defendants', and each of their, actions have also been oppressive to persons

15   with physical disabilities and of other members of the public, and have evidenced actual or

16   implied malicious intent toward those members of the public, such as plaintiffs and other

17   persons with physical disabilities who have been denied the proper access they are entitled to

18   by law.  Furthermore, defendants', and each of their, refusals on a day-to-day basis to remove

19   the barriers complained of herein evidence despicable conduct in conscious disregard for the

20   rights of plaintiffs and other members of the public with physical disabilities.

21        45.    Plaintiffs pray for an award of punitive damages against defendants, and each of

22   them, pursuant to Civil Code §3294 in an amount sufficient to make a more profound example

23   of defendants and discourage owners and operators of other bars, lounges, clubs and other

24   public facilities, from willful disregard of the rights of persons with physical disabilities.

25   Plaintiffs do not know the financial worth of defendants, or the amount of punitive damages

26   sufficient to accomplish the public purposes of §3294 of the Civil Code and seek leave to

27   amend this complaint when such facts are known.

28   ///

1   ///

2   ///

3       46.    Plaintiff JULIAN ARCHULETA and plaintiff DREES, on behalf of its

4   membership and the disability community which it serves, consisting of persons with

5   disabilities, would, could and will return to the subject public accommodation when the

6   discriminatory policies, procedures and practices are eliminated.

**I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
8       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
        DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
9       (On behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS
        ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a
10      California public benefit corporation and Against Defendants DOLORES L.
        PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual
11      dba JACK'S CLUB, inclusive)
        (42 U.S.C. §12101, *et seq.*)

12

13      47.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

14  the allegations contained in paragraphs 1 through 46 of this complaint.

15      48.    Pursuant to law, in 1990, the United States Congress made findings per

16  42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed

17  to more fully protect:

18              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
19              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be
20              a serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality
21              of opportunity, full participation, independent living and
                economic self-sufficiency for such individuals; [and that] the
22              continuing existence of unfair and unnecessary discrimination
                and prejudice denies people with disabilities the opportunity to
23              compete on an equal basis and to pursue those opportunities for
                which our free society is justifiably famous.

24      49.    Congress stated as its purpose in passing the Americans with Disabilities Act of

25  1990 (42 U.S.C. §12102):

26  ///

27  ///

28  ///

1   ///

2   ///

3   It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of

4   discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing

5   discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the

6   standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional

7   authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of

8   discrimination faced day to day by people with disabilities.

9   50.   As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

12  accommodations identified for purposes of this title was:

13  (7)   PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this

14  title, if the operations of such entities affect commerce -

15  . . .

16  (B) a restaurant, bar or other establishment serving food or drink;

17  42 U.S.C. §12181(7)(B)

18  51.   Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

19  against on the basis of disability in the full and equal enjoyment of the goods, services,

20  facilities, privileges, advantages, or accommodations of any place of public accommodation by

21  any person who owns, leases, or leases to, or operates a place of public accommodation".

22  52.   The specific prohibitions against discrimination set forth in §302(b)(2)(a),

23  42 U.S.C. §12182(b)(2)(a) are:

24  (I)   the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a

25  disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges,

26  advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services,

27  facilities, privileges, advantages, or accommodations being offered;

28  ///

1  ///

2  ///

3        (ii)    a failure to make reasonable modifications in
policies, practices, or procedures, when such modifications are
4  necessary to afford such goods, services, facilities, privileges,
advantages or accommodations to individuals with disabilities,
5  unless the entity can demonstrate that making such modifications
would fundamentally alter the nature of such goods, services,
6  facilities, privileges, advantages, or accommodations;

7        (iii)   a failure to take such steps as may be necessary to
ensure that no individual with a disability is excluded, denied
8  services, segregated or otherwise treated differently than other
individuals because of the absence of auxiliary aids and services,
9  unless the entity can demonstrate that taking such steps would
fundamentally alter the nature of the good, service, facility,
10  privilege, advantage, or accommodation being offered or would
result in an undue burden;

11

12        (iv)   a failure to remove architectural barriers, and
communication barriers that are structural in nature, in existing
facilities . . . where such removal is readily achievable; and

13

14        (v)    where an entity can demonstrate that the removal
of a barrier under clause (iv) is not readily achievable, a failure to
15  make such goods, services, facilities, privileges, advantages or
accommodations available through alternative methods if such
methods are readily achievable.

16

17  The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA,

18  Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.*

19  Effective January 31, 1993, the standards of the ADA were also incorporated into California

20  Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and

21  52(a) and 54.3.

22        53.    Per 42 U.S.C. 12188 (a)(1), "Nothing in this section shall require a person with

23  a disability to engage in a futile gesture if such person has actual notice that a person or

24  organization covered by this title does not intend to comply with its provisions".  Pursuant to

25  this last section, plaintiff JULIAN ARCHULETA has not returned to defendants' premises

26  since on or about March 30, 2004, but on information and belief, alleges that defendants have

27  continued to violate the law and deny the rights of plaintiffs and of other persons with physical

28  disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In

cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter

facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

54.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

55.     Plaintiffs seek damages pursuant to California Civil Code §§51, 51.5 and 52(a), 54, 54.1 and 54.3, which provide, within the statutory scheme, that a violation of the ADA is a violation of California's Unruh Civil Rights Act.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.
(On Behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

56.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

57.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

>          (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

58.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

>          (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and

privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

59.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

60.    Plaintiff JULIAN ARCHULETA and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by §§54 and 54.1.  A separate act in violation of §§54 and 54.1 has been committed EACH DAY that defendants act or fail to act and/or knowingly and willfully fail and refuse to remove or eliminate each policy and procedure barrier presently existing at the subject public accommodation which denies full and equal access for persons with physical disabilities to said building(s), elements and facilities of JACK'S CLUB.  Plaintiffs have been denied full and equal access on an ongoing basis since the date of plaintiff JULIAN ARCHULETA's first visit.  As a legal result, plaintiffs are entitled to seek damages pursuant to California Civil Code §54.3(a), which provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

///

61.   The public facilities above described constitute "public facilities and public accommodations" within the meaning of Health & Safety Code §19955 and were facilities to which members of the public are invited.  The aforementioned acts and omissions of defendants, and each of them, constitute a denial of equal access to use and enjoyment of these facilities by persons with disabilities including plaintiffs.

62.   On or about December 21, 2003, March 30, 2004 and each day thereafter, plaintiff JULIAN ARCHULETA suffered violations of §§54 and 54.1 of the Civil Code in that plaintiff JULIAN ARCHULETA was denied access to JACK'S CLUB and other public facilities as stated herein at JACK'S CLUB and on the basis that plaintiff JULIAN ARCHULETA was a person with physical disabilities.

63.   As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under §§54, 54.1 and 54.3, Civil Code, and plaintiff JULIAN ARCHULETA suffered physical discomfort, bodily injury, emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, chagrin, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the policies, procedures and practices that act as barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

///

///

///

1   ///

2       64.    Plaintiffs have been damaged by defendants', and each of their, wrongful

3   conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for

4   violation of plaintiffs' rights as persons or an entity that represents persons with physical

5   disabilities on or about December 21, 2003, March 30, 2004, and on a continuing basis since

6   then, including statutory damages, a trebling of all of actual damages, general and special

7   damages available pursuant to §54.3 of the Civil Code according to proof.

8       65.    As a result of defendants', and each of their, acts and omissions in this regard,

9   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

10   plaintiffs' rights and enforce the provisions of the law protecting access for persons with

11   physical disabilities and prohibiting discrimination against persons with physical disabilities.

12   Pursuant to the provisions of §54.3 of the Civil Code, plaintiffs therefore will seek recovery in

13   this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.

14   Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to

15   plaintiffs, but also to compel the defendants to make their facilities accessible to all members

16   of the public with disabilities, justifying public interest attorneys' fees, if deemed the

17   prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

18       Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

19   **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN**

**VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

(On Behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)
(Civil Code §51, 51.5)

66.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 65 of this complaint.

67.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment,

facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to remove or eliminate policy, practice and procedure barriers can be construed as a "negligent per se" act of defendants, and each of them.

68. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

69. Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities

1  Act of 1990 (Public Law 101-336) shall also constitute a violation of this section".  Plaintiffs

2  accordingly incorporate the entirety of their above cause of action for violation of the

3  Americans with Disabilities Act at ¶¶46, *et seq.*, as if repled herein.

4        70.    As a legal result of the violation of plaintiff JULIAN ARCHULETA's civil

5  rights as hereinabove described, plaintiff JULIAN ARCHULETA has suffered general

6  damages, bodily injury, physical injury, emotional distress (all to plaintiff's damage according

7  to proof, and incurred reasonable attorneys' fees and costs).  Plaintiffs JULIAN ARCHULETA

8  and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including

9  trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general

10  damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute,

11  according to proof if deemed to be the prevailing party.

12        Wherefore, plaintiffs pray that this court grant relief and damages as hereinafter stated.

13  ///

14  ///

15  ///

16  ///

17  ///

18  **IV.**  **FOURTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN**
     **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200,**

19       ***ET SEQ.***
     (On Behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS

20       ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
     California public benefit corporation, and Against **Defendants** DOLORES L.

21       PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual
     dba JACK'S CLUB, inclusive)

22       (Business & Professions Code §17200, *et seq.*)

23        71.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

24  the allegations contained in paragraphs 1 through 70 of this complaint.

25        72.    Defendants, and each of them, have had actual and constructive notice of the

26  Americans with Disabilities Act of 1990 and have seen places of public accommodation

27  similar to the public accommodations subject to this action with the International Sign of

28  Accessibility for persons with disabilities.  Said signage indicates to all people, those disabled

1    and those who are not disabled, that the place of public accommodation is accessible to all

2    persons with disabilities to participate in the opportunities, goods and services of the public

3    accommodation.

4           73.    Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB;

5    and IRMA ENCINAS, an individual dba JACK'S CLUB, and each of them, and their agents,

6    ostensible agents, masters, servants, employers, employees, representatives,

7    franchisors, franchisees, joint venturers, alter egos, partners and/or associates,

8    although having actual and constructive knowledge of the Americans with

9    Disabilities Act of 1990 and accessible policies that public accommodations

10   should have but have engaged in an unlawful and unfair business act or

11   practice of the California Business and Professions Code

12            17200.  As used in this chapter, unfair competition shall mean
              and include any unlawful, unfair or fraudulent business act or
13            practice and unfair, deceptive, untrue or misleading advertising
              and any act prohibited by Chapter 1 (commencing with
14            Section 17500) of Part 3 of Division 7 of the Business and
              Professions Code
15
              (Calif. Bus. & Prof. Code §17200)
16
     in that defendants, and each of them, have intentionally and/or negligently failed to change
17
     their admittance policies, practices and procedures at the subject JACK'S CLUB, thereby
18
     denying plaintiffs and those similarly situated from the opportunity to enjoy the goods and
19
     services provided therein.
20
            74.    Plaintiffs JULIAN ARCHULETA and DREES have the right to act as private
21
     attorneys general to remedy such acts, as provided in sections 17204 and 17205 of the
22
     California Business and Professions Code, to wit:
23
              17204.  Actions for any relief pursuant to this chapter shall be
24            prosecuted exclusively in a court of competent jurisdiction by the
              Attorney General or any district attorney or by any county
25            counsel authorized by agreement with the district attorney in
              actions involving violation of a county ordinance, or any city
26            attorney of a city, or city and county, having a population in
              excess of 750,000, and, with the consent of the district attorney,
27            by a city prosecutor in any city having a full-time city prosecutor
              or, with the consent of the district attorney, by a city attorney in
28            any city and county in the name of the people of the State of
              California upon their own complaint or upon the complaint of

any board, officer, person, corporation or association or by any person acting for the interests of itself, its members or the general public.

.   .   .

17205. Unless otherwise expressly provided, the remedies or penalties provided by this chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state.

(Calif. Bus. & Prof. Code §§17204 and 17205)

Wherefore, plaintiffs pray that this court grant relief and damages as follows:

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.   PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.   For injunctive relief, compelling defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive, to make JACK'S CLUB, located at 2545 24th Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per Public Law 10 1-336, §308; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.   For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.   For such other and further relief as the court may deem proper.

**II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive, to make JACK'S CLUB, located at 2545 24th Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each day, from the inception of the filing of this complaint, on which defendants have failed to change their admittance policies, practices and procedures which denied plaintiffs and other persons with disabilities full and equal access.

3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Punitive damages pursuant to Civil Code §3294;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

///

///

///

///

**III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 and 54.3, *ET SEQ.***
(On Behalf of Plaintiffs JULIAN ARCHULETA and Against Defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      General and compensatory damages according to proof.

**IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a

California public benefit corporation and Against **Defendants** DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each day on which defendants have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges or services in any business establishment or have otherwise denied to plaintiffs and persons with physical disabilities equal access;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Punitive damages pursuant to Civil Code §3294;

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FIFTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff JULIAN ARCHULETA, and Against **Defendants** DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff JULIAN ARCHULETA according to proof.

**VI.    PRAYER FOR SIXTH CAUSE OF ACTION FOR UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***
(On Behalf of Plaintiffs JULIAN ARCHULETA and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against **Defendants** DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive)
(Business & Professions Code §17200, *et seq.*)

1.    For injunctive relief, compelling defendants DOLORES L. PERRAPATO, an individual dba JACK'S CLUB; and IRMA ENCINAS, an individual dba JACK'S CLUB, inclusive, to make JACK'S CLUB, located at 2545 24th Street, San Francisco,

California, readily accessible to and usable by individuals with disabilities, per state law.

    2.    Attorneys' fees pursuant to applicable code if plaintiffs are deemed the prevailing party.

Dated: December 15, 2004        THOMAS E. FRANKOVICH
                                     *A PROFESSIONAL LAW CORPORATION*


By: _____/s/_____
                THOMAS E. FRANKOVICH
Attorneys for Plaintiffs JULIAN ARCHULETA and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU HELP
OTHERS, a California public benefit corporation

## **DEMAND FOR JURY TRIAL**

    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: December 15, 2004        THOMAS E. FRANKOVICH
                                     *A PROFESSIONAL LAW CORPORATION*


By: _____/s/_____
                THOMAS E. FRANKOVICH
Attorneys for Plaintiffs JULIAN ARCHULETA and
DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU HELP
OTHERS, a California public benefit corporation